UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1701 JGB (SPx)** | Date | January 8, 2021 |
| Title | *Misael Romero v. Benavides Income Tax, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to Strike (Dkt. No. 15); and
    (2) VACATING the January 11, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Strike Affirmative Defenses filed by Plaintiff. ("Motion," Dkt. No. 15.)  The Court finds the Motion appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.  The Court vacates the hearing set for December 21, 2020.

## I.   BACKGROUND

On August 22, 2020, Plaintiff Misael Romero filed a Complaint against Defendants Benavides Income Tax and Group IX BP Properties, LP.  ("Complaint," Dkt. No. 1.)  The Complaint alleges violations of various provisions of the Americans with Disabilities Act ("ADA").  Id.  Defendant IX BP Properties, LP, ("Defendant," or "IX,") answered on October 21, 2020 and filed an Amended Answer on November 10, 2020.  ("Answer," Dkt. No. 10; "Amended Answer," Dkt. No. 13.)

On November 20, 2020, Plaintiff filed this Motion.  (Motion.)  On December 11, 2020, a week and a half after its Opposition was due, IX opposed.  ("Opposition," Dkt. No. 16.)  On December 14, 2020, Plaintiffs submitted a Reply arguing that Defendant's untimely Opposition should be disregarded.  ("Reply," Dkt. No. 17.)

## II.  LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).  Motions under Rule 12(f) are "generally regarded with disfavor because of the limited importance of pleading in federal practice[.]" Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  A court has discretion in determining whether to strike matter from a pleading. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

To analyze a motion to strike under Rule 12(f), the Court must determine whether the matter the moving party seeks to have stricken is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. 618 F.3d at 973-74.  The Ninth Circuit defines "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc., 984 F.2d at 1527 (9th Cir. 1993) (internal quotation marks and citation omitted) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" Id.; See also DeVore v. Metro. Life Ins. Co., 2019 WL 3017667, at *1-2 (C.D. Cal. Feb. 7, 2019) (applying the Rule 12(f) standard).

The grounds for a motion to strike must appear on the face of the pleading under attack, SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), aff'd by 142 F.3d 1186 (9th Cir. 1998), and courts generally do not determine disputed or substantial questions of law on a motion to strike, F.T.C. v. Medicor LLC, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001).

In addition, the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike. Vogel v. OM ABS, Inc., 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014).  If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion. Jacobson v. Persolve, LLC, 2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014).  As a rule, motions to strike are regarded with disfavor because striking is such a drastic remedy; as a result, such motions are infrequently granted. Vogel, 2014 WL 340662, at *2.  Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. Jacobsen, 2014 WL 4090809, at *2; See also Whiting v. City of Palm Desert, 2018 WL 6034968, at *2 (C.D. Cal. May 17, 2018) (same).

## III.  DISCUSSION

Plaintiff moves to strike all fifteen of Defendant's affirmative defenses.  (Motion.)  Pursuant to Local Rule 7-12, the Court declines to consider Defendant's untimely Opposition.  Moreover, Defendant's "failure to file any required document . . . within the deadline may be

deemed consent to the granting or denial of the motion." L.R. 7-12. Defendant's late response is understood to be consent here.

Additionally, the Court also notes that several—but not all—of Defendant's affirmative defenses were insufficiently pleaded. Specifically, Defendant's Second Affirmative Defense, mootness, simply reads: "Plaintiff's claims are moot." (Amended Answer ¶ 38.) This is insufficient; it is accompanied by no factual bases which might suggest mootness. Likewise with the Third Affirmative Defense, which reads, "Plaintiff's claims are barred by the applicable statute of limitations." (Amended Answer ¶ 39.) Plaintiff alleges he encountered architectural barriers in March 2020 and has brought suit under the ADA. (Motion 6.) There are no facts suggesting these claims are barred by a statute of limitations.

Plaintiff submits that Defendant's First, Fifth, and Fourteenth Affirmative Defenses are "negative defenses," which merely argue that Plaintiff has not met his burden of proof as to specific elements of his claims. Id. These defenses are, respectively, that Plaintiff did not actually encounter the architectural barriers in question (First), that he fails to plead sufficient facts (Fifth), and that he fails to properly allege proximate cause (Fourteenth). (Amended Answer ¶¶ 37, 41, 50.) Plaintiff is correct. See Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.") Defendant's First, Fifth, and Fourteenth defenses are not affirmative defenses at all.

## IV.   LEAVE TO AMEND

However, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Here, the Court identifies specific factual deficiencies which may be cured by amendment—all but Defendant's First, Second, Third, Fifth, and Fourteenth affirmative defenses may be re-pleaded. Thus, the Court GRANTS LEAVE TO AMEND.

## V.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion and GRANTS Defendants leave to amend. The January 11, 2021 hearing is VACATED. Any amended pleading must be filed no later than January 18, 2021.

**IT IS SO ORDERED.**